Johnson, C. J. This was an application made by Samuel M. Hays, as sheriff of the county of Pope, for an allowance against the county for certain services charged to have been rendered in his official capacity. The county court rejected the claim upon the ground, as shown by the record of its proceedings, that it was barred by the statute of limitations. This court, in correcting and revising the judgments of inferior tribunals, will not regard the particular reasons, upon which the judgments below may have been based, but will inspect the entire face of the proceedings as presented by the transcript, and quash or affirm according' to the circumstances of the case. The question here is not simply whether the claim was barred by the statute, but whether the law for any reason would have sanctioned the judgment given by the court. It is indispensably requisite in every case, to entitle a party to an allowance against a county for the costs and charges in a criminal case, to state at least upon the face of his demand that some offence known to the law has been charged against the party ; and that, too, within the jurisdictional limit of the county. It is utterly impossible for the court to determine whether it is a proper case for an appropriation of the funds belonging to the county unless the the offence is specified and charged to have been perpetrated within the jurisdiction of the court. In the case of Irvin vs. The county of Pulaski, 4 Ark. R. 473, this court held that each county was liable for the costs and charges of all prosecutions instituted within their limits under such restrictions as were prescribed by law. The circuit court of Phillips county in that case had audited and directed the payment of the claim under the authority of the 207th and 8th sections of the 45th chapter of the Revised Code. In all cases coming before the county court under that statute, they have no discretion, but are absolutely required to allow the claim as other liquidated demands against the county. The case presented here was wholly different as it was a demand brought directly before the court for their investigation, and consequently, it was their province either to allow or reject it. The demand, upon its face, so far from disclosing a case proper for an appropriation of the county funds, wholly fails to charge the commission of any crime or the violation of any law whatever. It is not denied that the claim, in the form presented, was fully sustained by the proof, yet as there is an entire failure to charge any offence as having been committed within the county of Pope, we do not conceive that the court would have been authorized to make the allowance. Under this view of the case we think it clear that the county court of the county of Pope decided correctly in rejecting the claim, and that therefore the judgment ought to be affirmed. Judgment affirmed.